**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| HERBERT F., | ) | NO. CV 20-4280-E |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| ANDREW SAUL, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

**PROCEEDINGS**

Plaintiff filed a complaint on May 12, 2020, seeking review of the Commissioner's denial of benefits. On June 16, 2020, the parties consented to proceed before a United States Magistrate Judge. Plaintiff filed a motion for summary judgment on October 8, 2020. Defendant filed a motion for summary judgment on November 20, 2020. The Court has taken the motions under submission without oral argument. See L.R. 7-15; "Order," filed May 13, 2020.

///
///

**BACKGROUND**

Plaintiff filed an application for Supplemental Security Income on September 10, 2016, asserting disability since January 1, 2004, based on alleged mental problems (Administrative Record ("A.R.") 44, 154). An Administrative Law Judge ("ALJ") reviewed the record and heard testimony from Plaintiff and a vocational expert (A.R. 15-43). The ALJ found Plaintiff has severe "bipoloar disorder, generalized anxiety disorder and autism spectrum disorder" (A.R. 17). However, the ALJ also found that Plaintiff retains the residual functional capacity to work at all exertional levels, limited to simple, routine tasks not requiring interaction with the public and not requiring more than occasional interaction with co-workers and supervisors (A.R. 18-23). Relying on the testimony of the vocational expert, the ALJ determined that a person having this capacity could perform jobs existing in significant numbers in the national economy (A.R. 24-25, 41-42). The Appeals Council denied review (A.R. 1-3).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see also Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

> If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. But the Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [administrative] conclusion.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied. The Administration's findings are supported by substantial evidence and are free from material[1] legal error. Plaintiff's contrary arguments are unavailing.

///
///
///

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Garcia v. Commissioner, 768 F.3d 925, 932-33 (9th Cir. 2014); McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011).

**I.   Substantial Evidence Supports the Conclusion Plaintiff Can Work**

Substantial medical evidence supports the Administration's conclusion Plaintiff is not disabled from all employment. Dr. Michael Cohen, a consultative psychologist, examined Plaintiff and opined that Plaintiff can work (A.R. 303-07). Dr. Cohen's opinion constitutes substantial evidence to support the Administration's non-disability determination. See Orn v. Astrue, 495 F.3d 625, 631-32 (9th Cir. 2007) (opinion of examining physician based on independent clinical findings can provide substantial evidence to support administrative conclusion of non-disability).

Substantial non-medical evidence also supports the Administration's determination. For example, the record contains evidence of extensive activities by Plaintiff, including caring for his five year old daughter and surfing the internet seven to eight hours each day (A.R. 37-38, 196). The evidence also reflects that Plaintiff earned a liberal arts associates degree in 2013 (A.R. 35). An ability to succeed in school may betray an ability to work. See Chavez v. Department of Health and Human Services, 103 F.3d 849, 853 (9th Cir. 1996); Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993); Sorensen v. Weinberger, 514 F.2d 1112, 1118 (9th Cir. 1975).

The vocational expert testified that a person with the residual functional capacity the ALJ found to exist could perform certain jobs existing in significant numbers in the national economy (A.R. 41-42). The ALJ properly relied on this testimony in denying disability benefits. See Barker v. Secretary of Health and Human Services, 882

F.2d 1474, 1478-80 (9th Cir. 1989); Martinez v. Heckler, 807 F.2d 771, 774-75 (9th Cir. 1986).

To the extent any of the evidence is in conflict, it was the prerogative of the ALJ to resolve such conflicts. See Lewis v. Apfel, 236 F.3d 503, 509 (9th Cir. 2001); see also Treichler v. Commissioner, 775 F.3d 1090, 1098 (9th Cir. 2014) (court "leaves it to the ALJ" "to resolve conflicts and ambiguities in the record"). When evidence "is susceptible to more than one rational interpretation," the Court must uphold the administrative decision. See Andrews v. Shalala, 53 F.3d at 1039-40; accord Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997). The Court will uphold the ALJ's rational interpretation of the evidence in the present case notwithstanding any conflicts in the evidence.

## II. The ALJ did Not Materially Err in Discounting the Treating Physician's Opinions.

A treating physician's conclusions "must be given substantial weight." Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see Rodriguez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to the subjective aspects of a doctor's opinion. . . . This is especially true when the opinion is that of a treating physician") (citation omitted); see also Orn v. Astrue, 495 F.3d 625, 631-33 (9th Cir. 2007) (discussing deference owed to treating physician opinions). Where, as here, the treating physician's opinions are contradicted, "if the ALJ wishes to disregard

the opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted); see Rodriguez v. Bowen, 876 F.2d at 762 ("The ALJ may disregard the treating physician's opinion, but only by setting forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence") (citation and quotations omitted). Contrary to Plaintiff's argument, the ALJ stated sufficient reasons for discounting the opinions of Plaintiff's treating psychiatrist, Dr. Syam Kunam.

The ALJ stated that Dr. Kunam's opinions were inconsistent with Dr. Kunam's own treatment notes (A.R. 23). Substantial evidence supports the ALJ's reasoning (A.R. 327-35). The ALJ also stated that Dr. Kunam's opinions were inconsistent with and unsupported by examination findings in the record (A.R. 23). Substantial also supports this reasoning (A.R. 303-07, 327-32). An ALJ may properly reject a treating physician's opinion where, as here, the opinion is not adequately supported by treatment notes or objective clinical findings. See Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (ALJ may reject a treating physician's opinion that is inconsistent with other medical evidence, including the physician's treatment notes); Batson v. Commissioner, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ properly may reject a treating physician's opinion that is "unsupported by the record as a whole . . . or by objective medical findings"); Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir. 2003) (treating physician's opinion properly rejected where

physician's treatment notes "provide no basis for the functional restrictions he opined should be imposed on [the claimant]"); see also 20 C.F.R. §§ 404.1527(c), 416.927(c) (factors to consider in weighing treating source opinion include the supportability of the opinion by medical signs and laboratory findings as well as the opinion's consistency with the record as a whole).

As the ALJ also observed, Dr. Kunam's extreme opinions regarding Plaintiff's alleged incapacity are rendered suspect by the course of treatment reported by Plaintiff and reflected in the record (A.R. 23). For example, Plaintiff testified that he had been taking the same medication for 10 years (A.R. 37). The ALJ evidently reasoned that, if Plaintiff were severely impaired as represented by Dr. Kunam, Plaintiff's treatment would not have been so unvarying (see A.R. 23).

The ALJ also stated that the issue of a claimant's disability is "reserved for the Commissioner" (A.R. 23). Acknowledgment of this reservation does not provide a specific or legitimate reason to reject a treating physician's opinion that a claimant is disabled. Even though the issue of disability is "reserved to the Commissioner," the ALJ still must set forth specific, legitimate reasons for rejecting a treating physician's opinion that a claimant is disabled. See Rodriguez v. Bowen, 876 F.2d at 762 n.7 ("We do not draw a distinction between a medical opinion as to a physical condition and a medical opinion on the ultimate issue of disability."); see also Social
///
///
///

Security Ruling 96-5p[2] ("adjudicators must always carefully consider medical source opinions about any issue, including opinions about issues that are reserved to the Commissioner").  However, as discussed above, the ALJ did set forth other specific, legitimate reasons for rejecting Dr. Kunam's opinions.  Therefore, the ALJ's statement regarding the issue of disability being reserved for the Commissioner is properly viewed as surplusage or harmless error.

**III. The ALJ did Not Materially Err in Discounting Plaintiff's Subjective Complaints.**

An ALJ's assessment of a claimant's credibility is entitled to "great weight."  Anderson v. Sullivan, 914 F.2d 1121, 1124 (9th Cir. 1990); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985).  Where, as here, an ALJ finds that the claimant's medically determinable impairments reasonably could be expected to cause some degree of the alleged symptoms of which the claimant subjectively complains, any discounting of the claimant's complaints must be supported by specific, cogent findings.  See Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010); Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); but see Smolen v. Chater, 80 F.3d 1273, 1282-84 (9th Cir. 1996) (indicating that ALJ must offer "specific, clear and convincing" reasons to reject a claimant's testimony where there is no evidence of
///
///

---

[2] Social Security rulings are binding on the Administration.  See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

"malingering").³ An ALJ's credibility finding "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." See Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004) (internal citations and quotations omitted); see also Social Security Ruling ("SSR") 96-7p (explaining how to assess a claimant's credibility), superseded, SSR 16-3p (eff. Mar. 28, 2016).⁴ As discussed below, the ALJ stated sufficient reasons for deeming Plaintiff's subjective complaints less than fully credible.

The ALJ determined that the objective medical evidence was inconsistent with Plaintiff's claimed inability to function. An ALJ permissibly may rely in part on a lack of supporting objective medical evidence in discounting a claimant's allegations of disabling symptomatology. See Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir.

---

³ In the absence of an ALJ's reliance on evidence of "malingering," most recent Ninth Circuit cases have applied the "clear and convincing" standard. See, e.g., Leon v. Berryhill, 880 F.3d 1041, 1046 (9th Cir. 2017); Brown-Hunter v. Colvin, 806 F.3d 487, 488-89 (9th Cir. 2015); Burrell v. Colvin, 775 F.3d 1133, 1136-37 (9th Cir. 2014); Treichler v. Commissioner, 775 F.3d 1090, 1102 (9th Cir. 2014); Ghanim v. Colvin, 763 F.3d 1154, 1163 n.9 (9th Cir. 2014); Garrison v. Colvin, 759 F.3d 995, 1014-15 & n.18 (9th Cir. 2014); see also Ballard v. Apfel, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting earlier cases). In the present case, the ALJ's findings are sufficient under either standard, so the distinction between the two standards (if any) is academic.

⁴ The appropriate analysis under the superseding SSR is substantially the same as the analysis under the superseded SSR. See R.P. v. Colvin, 2016 WL 7042259, at *9 n.7 (E.D. Cal. Dec. 5, 2016) (stating that SSR 16-3p "implemented a change in diction rather than substance") (citations omitted); see also Trevizo v. Berryhill, 871 F.3d 664, 678 n.5 (9th Cir. 2017) (suggesting that SSR 16-3p "makes clear what our precedent already required").

2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ can consider in his [or her] credibility analysis."); Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (same); see also Carmickle v. Commissioner, 533 F.3d at 1161 ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony"); SSR 16–3p ("[O]bjective medical evidence is a useful indicator to help make reasonable conclusions about the intensity and persistence of symptoms, including the effects those symptoms may have on the ability to perform work-related activities . . .").

The ALJ deemed some of Plaintiff's activities to be inconsistent with Plaintiff's claimed incapacity (A.R. 18-19, 22). The record reflects activities by Plaintiff inconsistent with his claimed incapacity (taking care of a five year old, earning a college degree, etc.), as well as contradictions between various of Plaintiff's statements (e.g. his testimony that he never goes out alone versus his admissions that he does) (A.R. 37-40, 196, 198, 304). Inconsistencies between claimed incapacity and actual activities properly can impugn a claimant's credibility. See, e.g., Molina v. Astrue, 674 F.3d at 1112 ("the ALJ may consider inconsistencies in the claimant's testimony or between the testimony and the claimant's conduct"); Valentine v. Commissioner, 574 F.3d 685, 693 (9th Cir. 2009) (claimant's admitted activities did not suggest that claimant could work, but did suggest that claimant was exaggerating the severity of claimant's limitations); Lingenfelter v. Astrue, 504 F.3d 1028, 1040 (9th Cir. 2007) (activities inconsistent with alleged symptoms relevant to credibility determination); Thomas v. Barnhart, 278 F.3d 947, 958-59

(9th Cir. 2002) (inconsistency between claimant's testimony and claimant's actions supported rejection of claimant's credibility); Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (activities including taking care of children's needs inconsistent with claimant's testimony); Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999) (inconsistency between claimant's testimony and claimant's actions cited as a clear and convincing reason for rejecting claimant's testimony); Morgan v. Commissioner, 169 F.3d 595, 600 (9th Cir. 1999) (inconsistency between claimant's testimony and claimant's activities including sometimes carrying for the child for a friend).

The ALJ also doubted the accuracy of Plaintiff's subjective complaints based on the nature of Plaintiff's treatment (A.R. 22). As previously discussed, Plaintiff's treatment appears to have been conservative and largely unvarying. Additionally, for months at a time, Plaintiff sought no treatment at all, including no treatment for his autism diagnosis. A claimant's failure to pursue more aggressive treatment for allegedly disabling impairments properly may cast doubt on a claimant's credibility. See Molina v. Astrue, 674 F.3d 1104, 1113 (9th Cir. 2012); Burch v. Barnhart, 400 F.3d at 681; Batson v. Commissioner, 359 F.3d 1190, 1196 (9th Cir. 2004); Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). In the same vein, the relatively conservative nature of a claimant's treatment properly may factor into the evaluation of the claimant's subjective complaints. See Tommasetti v. Astrue, 533 F.3d at 1039-40; Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007), cert. denied, 552 U.S. 1141 (2008); Osenbrock v. Apfel, 240 F.3d 1157, 1166 (9th Cir. 2001).
///

The ALJ also commented on Plaintiff's poor work history (A.R. 22). Although Plaintiff argues that such consideration lacks probity (given the early alleged onset date), an ALJ may consider a claimant's work record when weighing the claimant's subjective complaints. See 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (in evaluating the intensity and persistence of a claimant's symptoms, the fact finder "will consider all of the evidence presented, including information about [the claimant's] prior work record"); Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) (claimant's limited work history can affect credibility of claims regarding inability to work).

It may be that not all of the ALJ's stated reasons for discounting Plaintiff's subjective symptomatology are legally valid. However, notwithstanding the invalidity of one or more of an ALJ's stated reasons, a court may uphold an ALJ's credibility determination where sufficient valid reasons have been stated. See Carmickle v. Commissioner, 533 F.3d at 1162-63. In the present case, the ALJ stated sufficient valid reasons to allow this Court to conclude that the ALJ discounted Plaintiff's credibility on permissible grounds. See Moisa v. Barnhart, 367 F.3d at 885. The Court therefore defers to the ALJ's credibility determination. See Lasich v. Astrue, 252 Fed. App'x 823, 825 (9th Cir. 2007) (court will defer to Administration's credibility determination when the proper process is used and proper reasons for the decision are provided); accord Flaten v. Secretary of

///
///
///
///

Health & Human Services, 44 F.3d 1453, 1464 (9th Cir. 1995).[5]

**CONCLUSION**

For all of the foregoing reasons,[6] Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: December 14, 2020.

/s/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[5] The Court should not and does not determine the credibility of Plaintiff's testimony concerning his subjective symptomatology. Absent legal error, it is for the Administration, and not this Court, to do so. See Magallanes v. Bowen, 881 F.2d 747, 750, 755-56 (9th Cir. 1989).

[6] The Court has considered and rejected each of Plaintiff's arguments. Neither Plaintiff's arguments nor the circumstances of this case show any "substantial likelihood of prejudice" resulting from any error allegedly committed by the Administration. See generally McLeod v. Astrue, 640 F.3d at 887-88 (discussing the standards applicable to evaluating prejudice).